B. Pouverin *v.* The Louisiana State Marine and Fire Insurance Company.

A consignee with power to sell, has an insurable interest; and if the consignor afterwards assent, he will be responsible for the premium, and be entitled to the benefit of the policy.

Where a vessel insured from New Orleans to Vera Cruz, on her way through Lake Borgne, touches at the Bay of St. Louis for the purpose of procuring a pilot to conduct her through Pass Christian, it will not be a deviation.

Appeal from the Parish Court of New Orleans, *Maurian*, J.
*Bodin*, for the plaintiff.
*S. L. Johnson* and *L. Janin*, for the appellants.

Garland, J.* The plaintiff claims the sum of $2000, the amount of a valued policy of insurance on goods on board of the schooner Sarah Helen, bound from New Orleans to Vera Cruz. The policy commences : " A. Vandricourt on account of Godet, Mordacque & Co. does make insurance," &c., upon all kinds of lawful goods, &c., and " declared to be on eighty-five barrels of almonds. In case of loss, payable to the order of A. Vandricourt." There is a clause in the policy which appears to authorize a transfer, or assignment, on condition of the assignee becoming responsible for the premium. The policy is dated June 6th, 1840, and the next day, Vandricourt, as agent of Godet, Mordacque & Co., passes it to the order of the plaintiff, who he says is the owner of

---

*Morphy, J., being interested in the question, did not sit on the trial of this case.

the merchandize upon which the insurance is to operate. It appears from the testimony, that the plaintiff purchased the almonds of Robert & Co., and contemplated consigning them to the house in Vera Cruz. He purchased on a credit of four months. In consequence of this Vandricourt, who was the agent of the house of Godet, Mordacque & Co., the consignees, made the insurance in their names. About the time of, or shortly after making the insurance, Vandricourt, on behalf of his principals, agreed to take an interest of one-half in the purchase, to be paid when plaintiff's notes to Robert & Co. should fall due, for which he was to give a note, and assign the policy of insurance. The last he did, but the note was never executed. The almonds were entirely lost at sea, and the house of Godet, Mordacque & Co. about the same time failed ; wherefore, as Vandricourt states, he considered all the goods as belonging to the plaintiff, as his principals had paid no part of the price, and he had not given the note promised. Vandricourt is shown to be the agent of the house of Godet, Mordacque & Co., and at the time the insurance was effected, the almonds, acccrding to the agreement he had made, belonged to that firm and the plaintiff, they being interested as owners for one-half, and as consignees for the other. Shortly after the news of the failure of the Vera Cruz house arrived in New Orleans, an attachment was taken out against them, and the defendants cited as garnishees to answer in relation to the policy in question. In their answer they refer to the plaintiff's claim, and say that they had received notice of the assignment to him previous to the attachment.

The answer of the defendants is a general denial ; and a further averment, that if the plaintiff ever had any right to the property insured, his interest was never disclosed, but that on the contrary the same was represented as belonging to Godet, Mordacque & Co. ; in consequence of which misrepresentation, or concealment, they are released from all liability on the policy. They further aver, that the plaintiff's affidavit, when he first presented his claim to the company, contained a statement at variance with the allegations in his petition, whereby he has forfeited all claim under the policy sued on.

There was a verdict and judgment for the plaintiff, and the defendants have appealed.

It is very true, that at the time the insurance was effected, no declaration of interest was made by the plaintiff. The whole matter was attended to by Vandricourt, who was shipping a variety of articles to his principals in Vera Cruz, and took out this policy in their name, for the value of the almonds. There cannot be a doubt, that the almonds were purchased of Robert & Co. by the plaintiff, nor that he paid for them. They were sent on board the vessel by that firm, for Pouverin ; and the assignment of the policy the day after it was made, shows that the parties were proceeding in good faith. The consignee of the goods had an interest that was insurable ; and although in the policy, it is not said that the insurance is effected for whoever it may concern, yet we think the assignment by the agent of the assured, to the consignor, is sufficient to authorize him to maintain this action. A consignee with power to sell has an insurable interest ; and if the consignor assents afterwards, he is responsible for the premium, and has the benefit of the policy. 1 Phillips Ins. 120. 1 Sergt. & Lowber, 293.

It has been alleged that the defendants, should they pay this demand to the plaintiff, would not be protected from another suit in the name of Godet, Mordacque & Co., or of their legal representatives. We think otherwise. Although there was an agreement, on the part of Vandricourt, as agent, to purchase half the almonds, yet as the note he was to give was never executed, the sale was not completed ; and the policy having been assigned by the agent of the assured, we think, their rights are so far vested in the plaintiff, as to authorize him to receive the sum claimed, and to protect the defendants.

In the argument in this court, it has been urged that the evidence shows a deviation from the voyage, although no such defence was alleged in the answer. It appears that the vessel sailed from one of the basins in the city of New Orleans, or from the lake end of the Ponchartrain Rail Road, and passed through Lake Borgne, calling at the Bay of St. Louis for the purpose of procuring a pilot to conduct the vessel through the Pass Chris-

tian. This we do not consider such a deviation as will avoid the policy.

*Judgment affirmed.*